AO 241   (Rev. 5/85)

## PETITION UNDER 28 USC § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | **District** Eastern District of California | |
|---|---|---|
| **Name** Jessica Lee Vranich | **Prisoner No.** N/A probation | **Case No.** |

**Place of Confinement**
795 Caprice Way, Chico, CA 95973 (Petitioner is on formal probation in Butte County; this is her residence under probation supervision)

2:26-CV-2015 SCR HC

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| Jessica Lee Vranich | Melissa Romero, Chief Probation Officer, Butte County Probation Department |

v.

The Attorney General of the State of: California

**FILED**

### PETITION

JUN 02 2026  Paid

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

1. Name and location of court which entered the judgment of conviction under attack ____
   - Butte County Superior Court, Oroville, California, Case No. 25CF00551

2. Date of judgment of conviction ___ April 24, 2025 (imposition of sentence suspended; formal probation imposed)

3. Length of sentence ___ formal probation for three (3) years.

4. Nature of offense involved (all counts) _____

   Violation of California Penal Code § 278.5(a) — deprivation of custody of a child (felony).

5. What was your plea? (Check one)
   (a) Not guilty          ☐
   (b) Guilty              ☐
   (c) Nolo contendere     ☒

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury        ☐
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☐   No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐   No ☒

(2)

AO 241    (Rev. 5/85)

9.    If you did appeal, answer the following:

   (a)  Name of court _____

   (b)  Result _____

   (c)  Date of result and citation, if known _____

   (d)  Grounds raised _____

   _____

   (e)  If you sought further review of the decision on appeal by a higher state court, please answer the following:

      (1)  Name of court _____

      (2)  Result _____

      _____

      (3)  Date of result and citation, if known _____

      (4)  Grounds raised _____

      _____

   (f)  If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

      (1)  Name of court _____

      (2)  Result _____

      _____

      (3)  Date of result and citation, if known _____

      (4)  Grounds raised _____

      _____

10.   Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
      Yes   ☒    No   ☐

11.   If your answer to 10 was "yes," give the following information:

   (a)  (1)  Name of court ___Butte County Superior Court_____

      (2)  Nature of proceeding ___Petition for Writ of Habeas Corpus_____

      _____

      (3)  Grounds raised _____

      See attached Memorandum of Points and Authorities, Section III (Exhaustion). _____

(3)

AO 241 (Rev. 5/85)

(4)  Did you receive an evidentiary hearing on your petition, application or motion?
     Yes  ☐    No  ☒

(5)  Result ___Denied___

(6)  Date of result ___February 27, 2026___

(b)  As to any second petition, application or motion give the same information:

     (1)  Name of court ___California Court of Appeal, Third Appellate District (Case No. C106131)___

     (2)  Name of proceeding ___Petition for Writ of Habeas Corpus___

     (3)  Grounds raised ___See attached Memorandum, Section III.___
          A third petition was also filed in the Supreme Court of California (Case No. S296741),
          denied May 29, 2026, completing state exhaustion. See attached Memorandum,
          Section III.

     (4)  Did you receive an evidentiary hearing on your petition, application or motion?
          Yes  ☐    No  ☒
     (5)  Result ___Denied___

     (6)  Date of result ___May 15, 2026 (Court of Appeal); May 29, 2026 (California Supreme Court).___

(c)  Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
     (1)  First petition, etc.       Yes ☒    No ☐
     (2)  Second petition, etc.      Yes ☒    No ☐

(d)  If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12.  State *concisely* every ground on which you claim that you are being held unlawfully.  Summarize *briefly* the *facts* supporting each ground.  If necessary, you may attach pages stating additional grounds and *facts* supporting same.
         CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court.  If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one:

Ineffective assistance of plea counsel under the Sixth and Fourteenth Amendments; unknowing and involuntary plea.

Supporting FACTS (state *briefly* without citing cases or law):

Plea counsel failed to investigate, advise on, or present the complete affirmative defense under California Penal Code § 278.7 before Petitioner entered her nolo contendere plea on March 27, 2025. The trial court itself acknowledged on the record at a hearing on May 7, 2026 that the § 278.7 evidence would have changed Petitioner's situation. See attached Memorandum of Points and Authorities, Ground One.

B. Ground two:

Fourteenth Amendment due process; revocation of probation on nonwillful and impossible violations

Supporting FACTS (state *briefly* without citing cases or law):

Probation-violation findings on allegations B-2 and B-3 were entered on March 26, 2026 against Petitioner for nonperformance of probation conditions rendered impossible by the State's own conduct. See attached Memorandum, Ground Two.

C.  Ground three:

Procedural due process violation in the probation-revocation proceeding under Morrissey and Gagnon.

Supporting FACTS (state *briefly* without citing cases or law):

The First Amended Petition for Violation of Probation, dated January 22, 2026, was treated as operative against Petitioner without any documented judicial review. The judicial-signature line on the face of the document is unsigned. See attached Memorandum, Ground Three.

D.  Ground four:

Actual innocence by mental-state negation (Schlup v. Delo gateway).

Supporting FACTS (state *briefly* without citing cases or law):

Evidence available but not presented at the time of plea negates the malicious mental state required for liability under California Penal Code § 278.5(a). See attached Memorandum, Ground Four.

13.  If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:
All grounds were fairly presented to the California state courts in the state habeas chain (Butte County Superior Court, California Court of Appeal Case No. C106131, and California Supreme Court Case No. S296741). See attached Memorandum, Section III (Exhaustion).

14.  Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐   No ☒

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a)  At preliminary hearing
Nicole Diamond, State Bar No. 298727

(b)  At arraignment and plea
Nicole Diamond, State Bar No. 298727

AO 241   (Rev. 5/85)

(c) At trial _____

N/A — no trial; nolo contendere plea entered

_____

(d) At sentencing _____

Nicole Diamond, State Bar No. 298727

_____

(e) On appeal _____

N/A — no direct appeal

_____

(f) In any post-conviction proceeding _____Brandon Williams, State Bar No. 257958 (currently appointed for

probation-violation proceedings). Petitioner has appeared pro se in state habeas matters.

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

Pro se

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes  ☐   No  ☑

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes  ☐   No  ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

(b) Give date and length of the above sentence: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes  ☐   No  ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_May 31, 2026_
Date

_____
Signature of Petitioner

(7)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| **In re JESSICA LEE VRANICH,** | **Case No.: TBD** |
| Petitioner, | State Court Case No.: 25CF00551 |
| v. | **PETITION FOR WRIT OF** |
| MELISSA ROMERO, Chief Probation Officer, | **HABEAS CORPUS PURSUANT** |
| Butte County Probation Department, | **TO 28 U.S.C. § 2254** |
| or her successor in office; and | *[Separate Emergency Motion for* |
| ROB BONTA, Attorney General of the | *Stay of Execution Filed Herewith]* |
| State of California, or his successor in | |
| office, | |
| Respondents. | |

## PETITION FOR WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2254

## INTRODUCTION

Petitioner Jessica Lee Vranich was charged with, and pleaded nolo contendere to, a violation of California Penal Code section 278.5 — deprivation of a child custody right. California Penal Code section 278.7 provides a complete statutory defense to that offense for a custodial parent who is a victim of domestic violence and who acts with a good-faith belief that the child will otherwise suffer immediate harm. Petitioner is such a parent. Documentary evidence of the predicate domestic violence — including a domestic violence restraining order entered in Butte County family court, contemporaneous law-enforcement contacts, and a directive from a Butte County Sheriff's Deputy to Petitioner before she traveled with her child — was available to plea counsel before the March 27, 2025 plea. Counsel never investigated, advised on, or presented the section 278.7 defense. Petitioner entered her plea without ever being told the defense existed.

On May 7, 2026, in an open-court proceeding on a separate motion in the same case (Butte County Superior Court Case No. 25CF00551), the trial court itself acknowledged on the record that the section 278.7 evidence "would have changed [Petitioner's] situation." That judicial acknowledgment — by the very court that took Petitioner's plea — is the heart of this Petition. A plea cannot be knowing, intelligent, and voluntary under the Sixth and Fourteenth Amendments when the judge who took it has conceded, on the record, that the omitted defense was material. The four federal grounds that follow set forth this and three related federal constitutional violations: ineffective assistance of counsel and an unknowing plea (Ground One); impossibility-based due process violations in the March 26, 2026 probation-violation findings (Ground Two); procedural due process infirmities in the violation proceeding (Ground Three); and a *Schlup* actual-innocence gateway to overcome any procedural bar (Ground Four). Petitioner respectfully requests that this Court grant the Writ and the related relief set forth in Section VIII, and stay any custodial sanction imposed at the June 4, 2026 state disposition hearing pending this Court's resolution.

## I. IDENTITY OF PETITIONER AND CUSTODY STATUS

Petitioner Jessica Lee Vranich is in the constructive custody of the Butte County Probation Department pursuant to a judgment entered by the Butte County Superior Court in Case No. 25CF00551. On March 27, 2025, Petitioner entered a plea of nolo contendere to a violation of California Penal Code section 278.5, subdivision (a) (deprivation of custody of a child), a felony. On April 24, 2025, the Superior Court suspended imposition of sentence and placed Petitioner on formal probation for a term of three years.

Petitioner is currently subject to ongoing probation revocation proceedings. Following an evidentiary hearing on March 26, 2026, the Superior Court found Petitioner in violation of probation as to allegations B-2 and B-3, and found no violation as to allegation B-1. The disposition hearing on the violation findings is currently set for June 4, 2026, at 9:30 a.m., before the Honorable Kristen A. Lucena.

Petitioner is "in custody" within the meaning of 28 U.S.C. § 2254. Although Petitioner is not physically confined, the conditions of probation impose significant restraints on Petitioner's liberty not shared by the public generally. The Supreme Court has long held that such restraints satisfy the custody requirement. (*Jones v. Cunningham* (1963) 371 U.S. 236, 240–43 [parolee subject to significant liberty restraints is "in custody"]; *Maleng v. Cook* (1989) 490 U.S. 488, 491 [physical confinement is not required]; *Hensley v. Municipal Court* (1973) 411 U.S. 345, 351 [release subject to restraints may satisfy custody].) The Ninth Circuit has specifically held that a California probationer satisfies the custody requirement for federal habeas purposes. (*Chaker v. Crogan* (9th Cir. 2005) 428 F.3d 1215, 1219; *Matus-Leva v. United States* (9th Cir. 2002) 287 F.3d 758, 761.) Petitioner remains subject to formal probation conditions, supervision by the Butte County Probation Department, and potential incarceration upon revocation. Those restraints suffice for § 2254 jurisdiction, which is measured at the time the petition is filed. (*Spencer v. Kemna* (1998) 523 U.S. 1, 7.)

Respondents are: (1) Melissa Romero, Chief Probation Officer of Butte County, or her successor in office, the official with immediate supervisory custody over Petitioner; and (2) Rob Bonta, Attorney General of the State of California, or his successor in office, named because Petitioner is on state probation rather than physically confined and because the Attorney General will defend the state judgment in this proceeding. See Rule 2(a), Rules Governing § 2254 Cases;

*Ortiz-Sandoval v. Gomez* (9th Cir. 1996) 81 F.3d 891, 894–96 [for a probationer, the proper respondents are the probation officer responsible for supervising the applicant and the official in charge of the probation agency]. To the extent the Court determines that a different official is the proper respondent, Petitioner respectfully requests leave to amend the caption rather than dismissal.

## II. CONVICTION AND JUDGMENT UNDER ATTACK

Petitioner challenges (1) the underlying conviction by nolo contendere plea entered March 27, 2025, and the judgment of probation imposed April 24, 2025; and (2) the probation-revocation findings entered March 26, 2026. The material facts are:

Offense of conviction: Deprivation of custody of a child, California Penal Code § 278.5(a), a felony.

Plea: Nolo contendere, entered March 27, 2025.

Judgment: Imposition of sentence suspended; formal probation imposed April 24, 2025, for a term of three years.

Sentencing triad if probation revoked: 16 months / 2 years / 3 years in county jail under Penal Code § 1170(h).

Trial judge: Hon. Kristen A. Lucena, Butte County Superior Court, Oroville.

Plea counsel: Nicole Diamond (SBN 298727).

Intermediate counsel: Andrew W. Kuns, who substituted in for Diamond on or about December 18, 2025 and represented Petitioner during the January 8, 2026 hearing on Petitioner's Penal Code § 1018 motion to withdraw plea.

Current counsel of record: Brandon Williams (SBN 257958).

Direct appeal: None. Direct appellate review of the April 24, 2025 judgment was not sought, and the time to file a notice of appeal expired sixty days after entry of judgment. (Cal. Rules of Court, rule 8.308(a).)

Plea-withdrawal motion: A Penal Code § 1018 motion to withdraw plea was filed in December 2025; the motion was heard and denied on January 8, 2026.

Amended Petition for Violation of Probation: An amended petition adding allegations B-2 and B-3 was authored and signed under penalty of perjury by Senior Probation Officer Jessica Nelson on January 22, 2026, with Chief Probation Officer Melissa Romero on the document; the "Judge of the Superior Court" signature line at the foot of the petition was unsigned.

## III. EXHAUSTION OF STATE COURT REMEDIES

Petitioner has fully exhausted all available state court remedies as required by 28 U.S.C. § 2254(b)(1)(A). Each ground for relief set forth in this Petition was fairly presented to the California state courts at each level of the state habeas process, and each was denied. (*Baldwin v. Reese* (2004) 541 U.S. 27, 29.) The chronology is as follows:

a. **Superior Court Habeas Petition.** On February 4, 2026, Petitioner filed from the Butte County Jail a verified Petition for Writ of Habeas Corpus in the Butte County Superior Court. On February 27, 2026, the Honorable Kristen A. Lucena denied the petition by form order without a reasoned opinion. The form order included a checked box reading "Petitioner has available remedies at law that have not been exhausted." That box-check is direct evidence that the Superior Court did not decide the federal claims on the merits, and supports the conclusion that no procedural bar was invoked against any claim. A copy of the petition and denial order is attached as **Exhibit B**.

**b. Court of Appeal Habeas Petition.** On or about April 14, 2026, Petitioner filed in the California Court of Appeal, Third Appellate District, a verified Petition for Writ of Habeas Corpus (Case No. C106131). The Court of Appeal, by Acting Presiding Justice Mauro, denied the petition by summary one-line order on May 15, 2026. A copy of the petition and denial order is attached as **Exhibit C**.

**c. California Supreme Court Habeas Petition.** Petitioner submitted a Petition for Writ of Habeas Corpus to the Supreme Court of California on May 15, 2026. The Clerk's Notice of May 19, 2026 directed Petitioner to perfect the submission on Judicial Council form HC-001 under California Rules of Court, rule 8.380. Petitioner's perfected submission was received and filed on May 20, 2026 (Case No. S296741). On May 29, 2026, the Supreme Court denied the petition. The Clerk's letter dated May 29, 2026 advised Petitioner that "the entire court considered the petition, and the contentions made therein, and the denial expresses the court's decision in this matter." A copy of the Clerk's letter is attached as **Exhibit A**, and a copy of the petition is attached as **Exhibit D**.

**d. Fair presentation; on-the-merits denial.** Each federal constitutional claim raised in this Petition was fairly presented to the California Supreme Court by identifying the operative facts and the federal constitutional theory for each claim. (*Baldwin*, 541 U.S. at 29.) The California Supreme Court's May 29, 2026 denial language is the conventional formulation for an on-the-merits denial, and AEDPA deference under *Harrington v. Richter* (2011) 562 U.S. 86, 99 therefore applies. No state court at any level invoked a procedural bar against any claim.

e. **Fair-presentation cross-reference.** The following chart cross-references each federal ground in this Petition to the operative facts and the federal constitutional theory presented to the California Supreme Court in Case No. S296741. To the extent this federal memorandum uses additional authority, labels, or explanatory framing, the operative facts and the federal constitutional substance of each ground were fairly presented to the California Supreme Court. If this Court requires more specific page-references to particular portions of the S296741 petition, Petitioner respectfully requests leave to supplement the chart by amendment.

| Federal Ground | Federal Constitutional Theory | Presented to Cal. Sup. Ct. (S296741)? | Location in S296741 Petition |
|---|---|---|---|
| Ground One | Sixth Amendment IAC at plea (Strickland / Hill / Lee); unknowing/involuntary plea (Boykin / Brady v. United States) | Yes | S296741 petition (operative facts and federal theory presented throughout) |
| Ground Two | Fourteenth Amendment due process; nonwillful/impossible probation violation (Bearden by analogy; Morrissey / Gagnon) | Yes | S296741 petition (operative facts and federal theory presented throughout) |
| Ground Three | Morrissey / Gagnon procedural due process (unsigned judicial-signature line on amended VOP); ADA accommodation facts as evidence of denial of meaningful participation | Yes | S296741 petition (operative facts and federal theory presented throughout) |
| Ground Four | Schlup actual-innocence gateway (factual innocence by mental-state | Yes | S296741 petition |

Page 7

| | negation) | | (operative facts and federal theory presented throughout) |
|---|---|---|---|
| | | | |

The S296741 petition itself is referenced as the source document for fair-presentation purposes. To the extent this Court directs that specific page-references be supplied, Petitioner will supplement this chart by amendment.

## IV.  TIMELINESS UNDER AEDPA

This Petition is timely filed within the one-year limitations period of 28 U.S.C. § 2244(d)(1), as tolled by § 2244(d)(2).

**Commencement of the limitations period.** The judgment of conviction became final on June 23, 2025, sixty days after entry of the judgment of probation on April 24, 2025, when the time for seeking direct review expired. (28 U.S.C. § 2244(d)(1)(A); Cal. Rules of Court, rule 8.308(a).) The one-year AEDPA limitations period began running on June 24, 2025.

**Statutory tolling.** Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the time a properly filed application for State post-conviction or other collateral review is pending. Petitioner's state collateral review was pending from February 4, 2026 (filing of the Superior Court habeas petition) through May 29, 2026 (denial by the California Supreme Court), inclusive of the intervals between the denial at each state court level and the next properly filed petition. (*Carey v. Saffold* (2002) 536 U.S. 214, 219–21 [the "pendency" of state collateral review for AEDPA tolling purposes includes intervals between successive state court applications, provided the petitioner files at the next level within a reasonable time].)

The 46-day interval between the Superior Court's February 27, 2026 denial and Petitioner's filing in the Court of Appeal on or about April 14, 2026 falls within the 30-to-60-day range the Supreme Court identified in *Evans v. Chavis* (2006) 546 U.S. 189, 201, as generally consistent with California's "reasonable time" standard for successive collateral filings. The interval is the product of Petitioner's pro se status, Petitioner's then-recent release from physical custody, the time required to obtain and review the Superior Court's form denial, and the time required to assemble the documentary record including audio recordings, the New Beginnings refusal, the ADA accommodation orders, and the Deputy Putz directive. No state court has suggested any state habeas filing was untimely. The five-day interval between the Court of Appeal's May 15, 2026 denial and the California Supreme Court's May 20, 2026 filing is plainly reasonable. Statutory tolling therefore ran continuously from February 4 through May 29, 2026.

**Remaining limitations period.** Between June 24, 2025 (commencement) and February 4, 2026 (filing of Superior Court habeas), approximately 225 days of the 365-day limitations period elapsed. Statutory tolling preserved the remaining approximately 140 days during the pendency of state collateral review. The limitations period resumed running on May 30, 2026, the day after the California Supreme Court's denial.

## V. STANDARD OF REVIEW

This Petition is governed by the standards of review prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as codified in 28 U.S.C. § 2254(d). Because the California Supreme Court's denial on May 29, 2026 was a summary denial on the merits, *Harrington v. Richter* (2011) 562 U.S. 86, governs the analysis. Petitioner pleads in the

alternative under *Cone v. Bell* (2009) 556 U.S. 449, 472, in the event the State contends the denial was procedural rather than on the merits.

**A. AEDPA deference applies to summary denials on the merits.** Under 28 U.S.C. § 2254(d), a federal court may not grant habeas relief on any claim that was "adjudicated on the merits in State court proceedings" unless that adjudication (1) resulted in a decision contrary to, or involving an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. When a state court denies a federal claim summarily and without a reasoned opinion, the federal court must presume the denial was on the merits and apply § 2254(d) deference, asking whether "any reasonable basis" existed to support the denial. (*Richter*, 562 U.S. at 99, 102.) Relief may be granted only where the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." (*Id.* at 103.)

**B. The Clerk's letter of May 29, 2026 confirms an on-the-merits denial.** The Supreme Court of California's denial in Case No. S296741 was communicated by Clerk's letter dated May 29, 2026, which states: "the entire court considered the petition, and the contentions made therein, and the denial expresses the court's decision in this matter." (Exhibit A.) That language is the conventional formulation of an on-the-merits denial by the California Supreme Court and triggers § 2254(d) deference under *Richter*.

**C. Look-through to the last reasoned state court decision.** Where the highest state court issues a summary denial, this Court "looks through" to the last reasoned decision of a state

court on the merits. (*Ylst v. Nunnemaker* (1991) 501 U.S. 797, 803–04; *Wilson v. Sellers* (2018) 584 U.S. 122, 125–26.) No state court at any level issued a reasoned decision on the merits of any claim: the Superior Court denied the petition on February 27, 2026 by form order with a checked box reading "Petitioner has available remedies at law that have not been exhausted" (not a merits determination); the Court of Appeal denied the petition on May 15, 2026 by summary one-line order; and the California Supreme Court denied the petition by summary letter on May 29, 2026. Under *Richter*, this Court determines "what arguments or theories . . . could have supported the state court's decision," and then asks whether "fair-minded jurists could disagree" on those hypothetical bases. (*Richter*, 562 U.S. at 102.)

**D. Cone v. Bell — de novo review in the alternative.** If this Court determines that the California Supreme Court's denial was based on a procedural ground rather than on the merits, then no state court adjudicated the federal merits, and this Court reviews the federal claims de novo, subject to any procedural-default defense properly invoked by Respondent. (*Cone v. Bell*, 556 U.S. at 472.) The Superior Court's February 27, 2026 form-order box-check for unexhausted state remedies is direct evidence that the only state court to articulate any reason for denial relied on procedural non-exhaustion, not on the federal merits.

**E. Section 2254(d)(2) — unreasonable determination of the facts.** Each ground for relief turns substantially on documentary facts that the state courts either failed to evaluate or evaluated without consideration of available evidence. The factual record before the state courts included: documentary evidence supporting the complete affirmative defense under California Penal Code section 278.7 (the Deputy Putz directive, the domestic violence restraining order, the prosecution's own investigation file, and a thumb drive of video evidence in the prosecution's possession); the State's own page-5 narrative of the violation petition acknowledging Petitioner's

January 9, 2026 request to report at the Chico probation location and Probation's refusal of that request (Ground Two); the State's own representation that the Child Abuser's program enrollment deadline expired on January 22, 2026 — the same day the amended violation petition was filed (Ground Two); the unsigned judicial signature line on the amended violation petition dated January 22, 2026 (Ground Three); the trial court's own ADA accommodation orders of March 26, 2026 and April 7, 2026 (Ground Three); and four audio recordings of Butte County Superior Court Clerk's Office personnel documenting obstruction of Petitioner's access to the courts. The state courts' summary adjudication without engaging this documentary record was an unreasonable determination of the facts. (*Miller-El v. Dretke* (2005) 545 U.S. 231, 240.)

**F. Section 2254(d)(1) — unreasonable application of clearly established federal law.** As to each ground, this Petition also identifies clearly established federal law as determined by the Supreme Court of the United States. The state courts' summary denials were objectively unreasonable applications of *Strickland v. Washington* (1984) 466 U.S. 668 and *United States v. Cronic* (1984) 466 U.S. 648 (Ground One); *Bearden v. Georgia* (1983) 461 U.S. 660 and *Morrissey v. Brewer* (1972) 408 U.S. 471 (Ground Two); *Morrissey, Gagnon v. Scarpelli* (1973) 411 U.S. 778, and *Tennessee v. Lane* (2004) 541 U.S. 509 (Ground Three); and *Schlup v. Delo* (1995) 513 U.S. 298 (Ground Four).

**G. Record limitation and evidentiary hearing.** All evidence and exhibits cited in this Petition were part of the state habeas record presented to the California Supreme Court in Case No. S296741, or are offered solely in support of the actual-innocence gateway under *Schlup v. Delo* (Ground Four) or an evidentiary hearing under 28 U.S.C. § 2254(e) on procedural matters not restricted by *Cullen v. Pinholster* (2011) 563 U.S. 170, 181. No relief under § 2254(d)(1) relies on new evidence developed after the California Supreme Court's May 29, 2026 denial.

Petitioner frames each ground first under § 2254(d)(2) and seeks evidentiary development only after § 2254(d)(2) is satisfied or in connection with the *Schlup* gateway, for which *Pinholster*'s record limitation does not apply.

## VI. GROUNDS FOR RELIEF

Petitioner sets forth four grounds for relief. Ground One is the central claim: Petitioner's plea was obtained in violation of the Sixth Amendment because trial counsel failed to investigate, advise, and present the complete affirmative defense available under California Penal Code section 278.7, rendering the plea both ineffectively assisted and unknowing, unintelligent, and involuntary. Ground Two challenges the March 26, 2026 violation findings as resting on conditions that were impossible to perform, in violation of *Bearden v. Georgia* and *Morrissey v. Brewer*. Ground Three challenges the procedural infirmities of the revocation proceedings, including the absence of judicial authorization on the face of the amended violation petition and the State's failure to honor the trial court's own ADA accommodation orders, in violation of *Morrissey*, *Gagnon v. Scarpelli*, and *Tennessee v. Lane*. Ground Four asserts Petitioner's actual innocence as a gateway under *Schlup v. Delo*.

**GROUND ONE: Ineffective Assistance of Counsel and Unknowing, Unintelligent, and Involuntary Plea — Failure to Investigate or Present the Complete Statutory Defense Under Penal Code Section 278.7 (Sixth and Fourteenth Amendments)**

Petitioner's plea of nolo contendere on March 27, 2025 was the product of constitutionally deficient representation. Trial counsel Nicole Diamond (SBN 298727) failed to

*Vranich v. Romero — Petition for Writ of Habeas Corpus (28 U.S.C. § 2254)*

investigate, evaluate, or present to Petitioner the complete statutory defense available under California Penal Code section 278.7 — a defense that, by the express terms of the Penal Code, makes section 278.5 inapplicable to a custodial parent acting on a good-faith and reasonable belief of immediate harm to the child. Had Petitioner been advised of, and assisted in pursuing, that defense, there is a reasonable probability she would not have entered the plea. The plea was therefore both ineffectively assisted under *Strickland v. Washington* (1984) 466 U.S. 668, and not knowing, intelligent, and voluntary as required by *Boykin v. Alabama* (1969) 395 U.S. 238 and *Brady v. United States* (1970) 397 U.S. 742, because counsel's omission deprived Petitioner of the information necessary to evaluate the plea offer. The state courts' summary denials of this claim were objectively unreasonable applications of *Strickland, Hill v. Lockhart* (1985) 474 U.S. 52, *Lee v. United States* (2017) 582 U.S. 357, *Boykin*, and *Brady v. United States*, and were based on an unreasonable determination of the facts in light of the documentary evidence presented in the state habeas record.

### A. Clearly Established Federal Law.

The Sixth Amendment right to effective assistance of counsel applies at every critical stage of a criminal prosecution, including plea negotiations and the entry of a plea. (*Lafler v. Cooper* (2012) 566 U.S. 156, 165; *Padilla v. Kentucky* (2010) 559 U.S. 356, 364–66; *Strickland*, 466 U.S. at 686.) Counsel's representation must not fall "below an objective standard of reasonableness," and any deficiency must have prejudiced the defense. (*Strickland*, 466 U.S. at 687–88.) In the plea context, prejudice exists where "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." (*Hill*, 474 U.S. at 59.) The defendant need not prove she would have prevailed at trial; she need only show a reasonable probability she would have rejected the plea. (*Lee*, 582

Page 14

U.S. at 364–66.) Courts "look to contemporaneous evidence to substantiate a defendant's expressed preferences." (*Id.* at 369.)

Counsel has "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." (*Strickland*, 466 U.S. at 691.) Where a defense is suggested by the facts known to counsel, the failure to investigate that defense is presumptively unreasonable. (*Wiggins v. Smith* (2003) 539 U.S. 510, 521–23; *Rompilla v. Beard* (2005) 545 U.S. 374, 380–87.)

Independently, a plea must be "a voluntary and intelligent choice among the alternative courses of action open to the defendant." (*North Carolina v. Alford* (1970) 400 U.S. 25, 31; *Brady v. United States*, 397 U.S. at 748.) Where counsel fails to inform the defendant of a complete defense, the plea cannot be knowing or intelligent because the defendant lacks the information necessary to evaluate the alternative of going to trial. (*Boykin*, 395 U.S. at 243–44.)

Petitioner's principal claim is governed by *Strickland*, *Hill*, and *Lee*. To the extent the Court determines that counsel's complete failure to investigate, advise on, or present the sole complete statutory defense available to Petitioner left her without meaningful adversarial assistance at the plea stage, *United States v. Cronic* (1984) 466 U.S. 648, 659, provides an alternative basis for relief, and prejudice is presumed. *Cronic* is invoked only in the alternative; Petitioner does not rely on it as necessary to relief and satisfies *Strickland* prejudice for the reasons stated in subsection F below.

**Petitioner's plea does not waive this claim.** Although a counseled guilty plea ordinarily forecloses collateral attack on antecedent constitutional violations, that waiver does not reach the voluntariness of the plea itself or the effectiveness of counsel in advising it. (*Tollett v. Henderson*

(1973) 411 U.S. 258, 267 ["a guilty plea represents a break in the chain of events... [a defendant] may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards [of Strickland]"]; *Hill v. Lockhart* (1985) 474 U.S. 52, 56–58.) Ground One challenges precisely those things: the voluntary and intelligent character of Petitioner's nolo contendere plea and the constitutional adequacy of the advice she received from counsel before entering it.

### B. The Statutory Defense Under Penal Code Section 278.7.

Petitioner was charged with, and pleaded nolo contendere to, a violation of California Penal Code section 278.5, subdivision (a), which criminalizes a custodial parent's act of "maliciously" depriving another lawful custodian of the right to custody. Section 278.7 provides a complete statutory defense. Subdivision (a) provides that section 278.5 "does not apply" to a person with a right to custody who, "with a good faith and reasonable belief that the child, if left with the other person, will suffer immediate bodily injury or emotional harm, takes, entices away, keeps, withholds, or conceals that child." (Cal. Pen. Code § 278.7(a).) Subdivision (b) extends the defense to a custodial parent "who has been a victim of domestic violence" who acts with the same good-faith belief, and expressly defines "emotional harm" to include "having a parent who has committed domestic violence against the parent who is taking, enticing away, keeping, withholding, or concealing the child." (Cal. Pen. Code § 278.7(b).)

Although California law treats section 278.7 as a defense the defendant has the burden to prove by a preponderance of the evidence (see CALCRIM No. 1252), once established it operates as a complete bar to conviction under section 278.5. The defense is not a mitigation factor and is not a sentencing consideration; it is, by the express terms of the Penal Code, a

Page 16

*Vranich v. Romero — Petition for Writ of Habeas Corpus (28 U.S.C. § 2254)*

substantive limitation on the reach of the criminal statute itself. Whether characterized as a complete statutory exception or as a complete affirmative defense, counsel's failure to investigate it remains prejudicial because the evidence supporting the defense was sufficient to create a reasonable probability that Petitioner would have rejected the plea.

Petitioner is a custodial parent. Petitioner is the petitioner in Butte County Superior Court family law Case No. 24FL00960, in which she has documented her status as a victim of domestic violence. The state habeas record contains documentary evidence — itemized in subsection C below — supporting both Petitioner's good faith and the reasonableness of her belief that the child faced immediate bodily injury or emotional harm if left with the other person. The defense was therefore applicable under both subdivision (a) and subdivision (b).

### C. *The Evidence Supporting the Defense Was Available and in Counsel's Possession.*

The factual basis for the section 278.7 defense was extensive, contemporaneous, and well-documented before Petitioner entered her plea on March 27, 2025. The state habeas record establishes that the following evidence existed and was reasonably available to trial counsel Diamond:

1. A directive from Deputy Putz of the Butte County Sheriff's Office instructing Petitioner to take protective steps with respect to the child. This directive — a contemporaneous communication from a law-enforcement officer — independently established the reasonableness of Petitioner's belief that the child faced harm.

2. A domestic violence temporary restraining order filed June 17, 2024 in Butte County Superior Court Case No. 24FL00960. The DV TRO is the predicate for section 278.7(b)'s domestic-violence-victim subdivision.

Page 17

3. An investigation by the Butte County Sheriff's Department (Case No. 24-06672) of the child-abuse allegations underlying Petitioner's protective conduct. That law enforcement itself opened an investigation of the abuse is direct evidence that Petitioner's belief was reasonable.

4. A physical thumb drive containing video evidence of child abuse, delivered to a Butte County District Attorney's investigator before the plea. The substance of the videos on the drive directly established the factual predicate for Petitioner's good-faith and reasonable belief. The Butte County District Attorney's Office has subsequently represented that no such drive exists in its files. The drive was material exculpatory evidence within the meaning of *Brady v. Maryland* (1963) 373 U.S. 83 (see Section VI.C, Subsection F below), and counsel's failure to identify or pursue the absence of the disclosed drive in discovery is a separate facet of the deficient performance.

5. Communications from prior trial counsel Diamond acknowledging awareness of the section 278.7 defense and the existence of the supporting evidence. [SPECIFY each email by date, sender, recipient, and operative text; attach as Exhibit F. The corpus contains scanned email PDFs (the "printed email" series) that have not yet been OCR'd; these likely contain the operative admissions and should be OCR'd before filing.]

Each item of evidence was either in counsel's possession or readily obtainable through reasonable investigation. None required expert assistance, subpoena power, or substantial resources. The evidence was exactly the kind of foundational factual material that *Strickland* and *Wiggins* identify as the necessary predicate of competent representation.

### D. Diamond's Performance Was Constitutionally Deficient.

Despite the availability of this evidence, plea counsel Diamond did not investigate the section 278.7 defense, did not communicate to Petitioner that the defense was available, and did not assist Petitioner in evaluating the plea offer in light of the defense. Petitioner pleaded nolo

contendere on March 27, 2025 — without the information necessary to make an informed decision.

Counsel's failure cannot be excused as strategic choice. There is no plausible strategic reason for an attorney representing a custodial parent charged under section 278.5 to ignore section 278.7 — the defense whose elements section 278.7 specifies. The defense is a complete statutory bar to liability; not pursuing it could not have triggered any adverse evidentiary consequence, opened the door to damaging cross-examination, or otherwise carried strategic risk. (*Strickland*, 466 U.S. at 691; *Wiggins*, 539 U.S. at 521–23 [counsel's failure to investigate cannot be reframed as strategy after the fact].)

Counsel's own contemporaneous statements confirm the omission was not the product of ignorance of the law. In email communications now part of the state habeas record, counsel Diamond acknowledged awareness of the defense — confirming that the omission was investigative and analytical rather than legal. That admission forecloses any "strategic" framing of the failure.

Current counsel Brandon Williams's representation reflects a similar pattern of deficient investigation and preparation. The state habeas record documents that counsel Williams spent approximately five minutes preparing with Petitioner before the March 26, 2026 evidentiary hearing on the probation-violation petition; did not file motions in limine; did not present the section 278.7 defense as a basis for challenging the underlying conviction supporting probation; did not subpoena the witnesses identified in Petitioner's own pre-hearing communications; and did not present the documentary record supporting the impossibility defense to the violation allegations.

*Vranich v. Romero — Petition for Writ of Habeas Corpus (28 U.S.C. § 2254)*

### F. The Deficient Performance Prejudiced Petitioner.

Under *Hill* and *Lee*, prejudice in the plea context is established by a reasonable probability that, but for counsel's deficient performance, Petitioner would not have entered the plea. Petitioner satisfies that standard through contemporaneous evidence in the record, not by post-hoc assertions.

First, the contemporaneous record before the plea shows that the section 278.7 defense was central to Petitioner's view of her case. Before March 27, 2025, the defense evidence existed in the form of the Deputy Putz directive, the DV TRO of June 17, 2024, the Butte County Sheriff's Department investigation, and the thumb drive of video evidence in the prosecution's possession. Counsel Diamond's own email communications acknowledged the existence of these items. The factual predicate for the section 278.7 defense was not an after-the-fact litigation invention; it was the documentary record on which counsel was operating before the plea.

Second, the near-contemporaneous record shows Petitioner promptly sought to undo the plea. Intermediate counsel Andrew W. Kuns filed a Penal Code § 1018 motion to withdraw plea, which was heard and denied on January 8, 2026. From the Butte County Jail, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus in the Superior Court on February 4, 2026 raising the same defense. Petitioner thereafter pursued habeas relief at every level of the California courts. This is precisely the "contemporaneous evidence" that *Lee* instructs courts to credit. (*Lee*, 582 U.S. at 369.)

Third, the section 278.7 defense, had it been presented, was a complete statutory bar to conviction. A defendant facing a complete statutory defense — not a partial mitigation or a sentencing argument — has a uniquely strong reason to reject a plea and proceed to trial. The

Page 20

rational-defendant calculus of *Lee* (582 U.S. at 364–69) operates with particular force where the alternative to plea is not a contested trial on uncertain facts but the invocation of a statute that, if its terms are met, bars conviction altogether.

Fourth, the trial court itself has acknowledged the materiality of the section 278.7 evidence. At the hearing of May 7, 2026, the Honorable Kristen A. Lucena — the very judge who took Petitioner's plea — recognized in open court and on the record that the evidence supporting the section 278.7 defense would have changed Petitioner's situation. Petitioner's own sworn statement of what she heard the Court say at the May 7, 2026 hearing is set forth in her declaration accompanying the concurrently filed Emergency Motion. The reporter's transcript of the May 7, 2026 hearing has been ordered through CSR Marjorie Hatfield (No. 4199) and will be supplemented to this Petition when received.

### G. The State Court Adjudication Violated 28 U.S.C. § 2254(d).

**Section 2254(d)(2) — unreasonable determination of the facts.** Each of the documentary items set out in subsection C above — the Putz directive, the DV TRO, the law-enforcement investigation, the thumb drive of video evidence, and Diamond's email admissions — was in the state habeas record. Any state-court adjudication that failed to credit this evidence as supporting both prongs of *Strickland* was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." (28 U.S.C. § 2254(d)(2); *Miller-El v. Dretke* (2005) 545 U.S. 231, 240.)

**Section 2254(d)(1) — unreasonable application of clearly established federal law.** Independently, no fair-minded jurist applying *Strickland*, *Hill*, *Lee*, *Boykin*, and *Brady v. United States* to this record could conclude that (i) counsel's failure to investigate a complete statutory

defense fell within the range of competent professional judgment; (ii) there is no reasonable probability the defendant would have rejected a plea had she known of a complete statutory defense supported by documentary evidence; or (iii) the plea was knowing, intelligent, and voluntary when counsel had failed to advise the defendant of the existence of the defense. The deference owed under *Richter* is not unlimited; this is the category of case *Richter* describes as "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." (562 U.S. at 103.)

### H. Relief Requested as to Ground One.

Petitioner respectfully requests that this Court (1) issue the writ of habeas corpus; (2) vacate the conviction and judgment in Butte County Superior Court Case No. 25CF00551 as obtained in violation of the Sixth and Fourteenth Amendments; (3) order Petitioner's release from custody — or, in the alternative, order a new proceeding consistent with constitutional requirements; and (4) because vacatur of the underlying conviction moots the March 26, 2026 violation findings (which rest on continuation of the same probation order), bar any disposition on those findings.

**GROUND TWO: Revocation of Probation on Conditions That Were Impossible to Perform**

**(Fourteenth Amendment Due Process — Bearden v. Georgia and Morrissey v. Brewer)**

On March 26, 2026, the Butte County Superior Court found Petitioner in violation of probation as to allegations B-2 and B-3 of the First Amended Petition for Violation of Probation.

The court found no violation as to allegation B-1. Both B-2 and B-3 charge Petitioner with the failure to perform conditions that were not within Petitioner's capacity to perform. As to B-2, Petitioner's failure to report was the product of circumstances beyond her control. As to B-3, Petitioner's failure to enroll was the product of the program's affirmative refusal to enroll a probationer the State had revoked. Revocation of probation on conditions the probationer cannot perform is a denial of due process. (*Bearden v. Georgia* (1983) 461 U.S. 660; *Morrissey v. Brewer* (1972) 408 U.S. 471.) The state courts' determinations that these failures were "willful" were unreasonable in light of the documentary record — including the State's own narrative in the violation petition itself.

### A. Clearly Established Federal Law.

In *Bearden*, the Supreme Court held that fundamental fairness requires a sentencing court to inquire into the reasons for a probationer's failure to comply with conditions before revoking probation. A court may not revoke probation for a failure that is not within the probationer's control. (461 U.S. at 668–69, 672–73.) *Bearden* arose in the context of failure to pay a fine, but its underlying principle is general: revocation for non-willful non-compliance is constitutionally impermissible because it punishes the probationer for circumstances beyond control rather than for any culpable conduct. Revocation in such circumstances is "contrary to the fundamental fairness required by the Fourteenth Amendment." (*Id.* at 673.)

Independently, probation revocation proceedings require the minimum protections of procedural due process. (*Morrissey*, 408 U.S. at 484–89; *Gagnon v. Scarpelli* (1973) 411 U.S. 778, 786.) Where the documentary record establishes that the alleged violation was not within

the probationer's control, a finding of willful violation is not supported by competent evidence and is itself a violation of due process.

### B. Allegation B-2: Failure to Report — Pled in the Alternative.

Allegation B-2 charges Petitioner with the failure to report to the Butte County Probation Department "since on or about 1/9/2026" — a continuing failure beginning January 9, 2026, the day after a January 8, 2026 court hearing at which Petitioner's probation was reinstated. The failure to report from January 9 forward was not within Petitioner's control. Petitioner pleads two independent factual theories in the alternative, either of which establishes impossibility for purposes of *Bearden*.

**Primary theory — refusal of accommodation.** The State's own narrative of the underlying events, in the interdepartmental memorandum attached to the First Amended Petition for Violation of Probation (the same document on which the violation findings rest), describes the following facts. On January 9, 2026, Petitioner left a voicemail and sent an email to Senior Probation Officer Jessica Nelson, stating she did not have transportation and requested to report at the Probation Department's location in Chico rather than its Oroville location. (First Amended Petition for Violation of Probation, Interdepartmental Memorandum re VOP Discovery, January 22, 2026, Count 2.) PO Nelson responded by telephone and email and required Petitioner to report in person at the Oroville location by 2:00 p.m. that same day. (*Id.*) Petitioner — without transportation, after expressly informing Probation of that fact, and having requested the Chico alternative location — did not report. (*Id.*) That sequence is the State's own undisputed narrative. The failure to report was not willful; it was the product of the State's refusal to accommodate a documented transportation impossibility.

**Alternative theory — court schedule and probation hours.** In the alternative, and to the extent the State's own narrative does not fully cover the relevant chronology, Petitioner separately alleges that on at least one date following her January 8, 2026 reinstatement, she was required to report to Probation but the Probation Department closed at 4:00 p.m. while Petitioner was still in court past 5:00 p.m. on related criminal proceedings — making compliance physically impossible. Petitioner emailed and called Probation when she was finally released from court; nevertheless, Probation declared her in violation by 2:00 p.m. the following afternoon.

Under either theory, the state-court finding that this failure was "willful" was based on an unreasonable determination of the facts in light of the evidence in the State's own files. (28 U.S.C. § 2254(d)(2).)

### C. Allegation B-3: Failure to Enroll — Program Refusal of a Revoked Probationer.

Allegation B-3 charges Petitioner with the failure to enroll in the "Child Abuser's program" by January 22, 2026 — the same date the First Amended Petition for Violation of Probation was filed against her. The enrollment deadline imposed by the Court on January 8, 2026 was thus a mere fourteen days, during which Petitioner was already subject to ongoing violation proceedings.

Petitioner attempted to enroll. The program affirmatively refused to enroll Petitioner because the State had moved to revoke her probation. The state habeas record contains Petitioner's account of contacting the program director, being told to consult her attorney, and being denied enrollment on the basis that Petitioner was not — at the time of attempted enrollment — "on probation" in the eligibility sense the program required. The State cannot

constitutionally find a probationer in willful violation of a duty to enroll in a program when the State's own revocation proceedings prevented enrollment. (*Bearden*, 461 U.S. at 668–69, 672–73.)

. The State's own narrative confirms the structural impossibility. The First Amended Petition for Violation of Probation, dated January 22, 2026 — the same day as the enrollment deadline — alleges in its Interdepartmental Memorandum re VOP Discovery, Count 3: "As of the date of this petition, the defendant failed to provide proof of enrollment into the Child Abuser's program." The State could not provide a meaningful window for compliance and simultaneously prosecute violation on the same day the window closed.

### D. Federal Constitutional Harm; State-Law Procedural Error Insufficient Alone.

The federal constitutional harm here is *Bearden*'s due-process prohibition on revocation for circumstances beyond the probationer's control, and *Morrissey*'s requirement that revocation rest on competent evidence of a culpable violation. (*Morrissey*, 408 U.S. at 488–89.) The constitutional injury is not the State's failure to comply with California revocation procedure as a matter of state law; it is the federal due-process violation of revoking probation on findings of willful non-compliance when the State's own contemporaneous records establish non-willfulness as a matter of fact. (*Estelle v. McGuire* (1991) 502 U.S. 62, 67–68.)

### E. The State Court Adjudication Violated 28 U.S.C. § 2254(d).

**Section 2254(d)(2).** The First Amended Petition for Violation of Probation — including its Interdepartmental Memorandum re VOP Discovery, which is the State's own contemporaneous narrative of the underlying events — was in the state habeas record. The State's own narrative documents (a) Petitioner's January 9, 2026 request for a Chico alternative

location due to lack of transportation and PO Nelson's refusal of that accommodation; and (b) the January 22, 2026 enrollment deadline coinciding with the violation-petition filing date. No state court engaged with this State-authored documentary record. Finding willfulness in the face of the State's own contemporaneous documentation of impossibility is the paradigmatic § 2254(d)(2) violation. (*Miller-El v. Dretke* (2005) 545 U.S. 231, 240.)

**Section 2254(d)(1).** No fair-minded jurist applying *Bearden* and *Morrissey* to this record could find willful non-compliance with conditions the State's own documents establish were impossible to perform within the windows the State provided. (*Harrington v. Richter*, 562 U.S. 86, 102–03.)

### F. Relief Requested as to Ground Two.

Petitioner respectfully requests that this Court (1) issue the writ of habeas corpus; (2) vacate the March 26, 2026 findings of violation as to allegations B-2 and B-3; (3) bar any disposition imposed on those findings; and (4) order Petitioner's release from constructive custody insofar as that custody depends on the vacated findings. If the underlying conviction in Case No. 25CF00551 is also vacated under Ground One, the violation findings are independently moot.

**GROUND THREE:  Procedural Infirmities in the Revocation Proceedings —**

**Absence of Judicial Authorization on the Amended Petition**

**and Failure to Honor ADA Accommodation Orders (Fourteenth Amendment)**

The probation revocation proceedings that culminated in the March 26, 2026 violation findings were procedurally infirm in two independent respects. First, the First Amended Petition for Violation of Probation — the operative instrument on which Petitioner was tried as to allegations B-2 and B-3 — bears no judicial signature, with the result that the amendment expanding the violation petition from one allegation to three was operative against Petitioner without any documented judicial review of the amended pleading. Second, the trial court's own accommodation orders under the Americans with Disabilities Act were not honored at the March 26, 2026 evidentiary hearing — depriving Petitioner of the meaningful participation that *Morrissey v. Brewer* requires. Both infirmities deprived Petitioner of the minimum due process that the Fourteenth Amendment requires for probation revocation.

### A. Clearly Established Federal Law.

Probation revocation proceedings, while not criminal trials, require the minimum protections of procedural due process. (*Morrissey v. Brewer*, 408 U.S. at 484–89.) Those protections include written notice of the claimed violations, disclosure of the evidence, an opportunity to be heard and to present evidence, the right to confront and cross-examine adverse witnesses, a neutral and detached hearing body, and a written statement of the evidence relied on and the reasons for revocation. (*Id.* at 489; *Gagnon v. Scarpelli* (1973) 411 U.S. 778, 786.) Where the proceeding falls below these minima, due process is violated. (*Wolff v. McDonnell* (1974) 418 U.S. 539, 564–65.)

The federal constitutional harm pleaded here is the due-process harm flowing from a revocation proceeding that lacked the minimum elements *Morrissey* requires. The injury is not

*Vranich v. Romero — Petition for Writ of Habeas Corpus (28 U.S.C. § 2254)*

the State's failure to comply with California revocation procedure as a matter of state law; it is the federal due-process violation. (*Estelle v. McGuire* (1991) 502 U.S. 62, 67–68.)

### B. *The First Amended Petition for Violation of Probation Carries No Judicial Signature.*

The First Amended Petition for Violation of Probation in this matter is dated January 22, 2026. It is signed under penalty of perjury by Senior Probation Officer Jessica Nelson, and bears the indicia of review by Chief Probation Officer Melissa Romero. The amendment expanded the violation petition from one allegation (B-1, failure to complete work program hours by December 10, 2025) to three allegations (B-1; B-2, failure to report since January 9, 2026; and B-3, failure to enroll in the Child Abuser's program by January 22, 2026).

The face of the amended petition contains a signature block reading: "I have read and considered this entire petition. _____ Judge of the Superior Court." That signature line is *unsigned*. The amended petition carries no judicial endorsement, no judicial review, and no judicial authorization for the new allegations added by the amendment.

The amended petition was nevertheless treated as operative against Petitioner. The matter proceeded on the amended allegations through service on Petitioner, calendaring for hearing, evidentiary hearing on March 26, 2026, and findings on B-2 and B-3 — all without any documented judicial review of the amended pleading on which Petitioner was being tried. The unsigned judicial-signature line appears at the foot of the second numbered page of the First Amended Petition for Violation of Probation, attached to this Petition as **Exhibit B**.

The federal due-process harm is the absence of any judicial gatekeeping over the expansion of the violation allegations. *Morrissey* requires "a neutral and detached hearing body" and "a written statement" of the basis for revocation. (408 U.S. at 489.) When the operative

Page 29

pleading on which a probationer is found in violation bears no judicial signature evidencing that the court ever reviewed the expanded allegations, *Morrissey*'s neutral-detached requirement is unmet at the pleading stage, and the subsequent revocation findings are not entitled to the presumption of regularity that ordinarily attaches to judicial proceedings.

### C. *Circumstantial Timing of the Amendment.*

The due-process claim above does not depend on proving retaliation, and Petitioner does not ask this Court to find retaliation on the present record. The timing of the amendment is pleaded only as circumstantial context relevant to the procedural-due-process analysis under subsection B above and to the bad-faith analysis bearing on the stay request in Section VII. The First Amended Petition for Violation of Probation in the project record is dated January 22, 2026; the state habeas chain documented in Section III began with a Superior Court habeas filing on February 4, 2026. Petitioner's contemporaneous understanding is that protected pre-amendment filings or communications may bear on the timing context of the amendment, and Petitioner reserves the right, on proper development of the record, to seek leave to amend if discovery confirms a retaliatory purpose. The due-process claim, however, does not require that finding.

### D. *Failure to Honor the Trial Court's Own ADA Accommodation Orders at the March 26, 2026 Hearing.*

Petitioner does not plead Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, as an independent habeas claim. Title II damages and injunctive claims are properly raised in a separate civil action; this habeas petition seeks relief only as to the federal due-process consequences of the procedural infirmities of Petitioner's revocation proceeding. The

ADA facts that follow are presented as evidence of *Morrissey* violations — specifically, that the March 26, 2026 evidentiary hearing did not afford Petitioner the meaningful participation due-process requires.

On March 26, 2026, the trial court issued an Order on Requests for Accommodation under the ADA in Case No. 25CF00551. The order granted Petitioner accommodation #6 (additional response time) and accommodation #7 (use of a laptop for note-taking and document retrieval), and denied other requested accommodations including Zoom appearance, audio/video recording, no-interruption rule, and definitional clarity.

At the evidentiary hearing held the same day on the amended violation petition, the granted accommodations were not honored. Petitioner was not afforded the additional response time the order granted; Petitioner's use of a laptop for note-taking and document retrieval was impeded; and the hearing proceeded under conditions that did not meaningfully afford Petitioner the opportunity to be heard or to present evidence *Morrissey* requires. (*Morrissey*, 408 U.S. at 489.)

The combination of (a) an operative pleading without judicial authorization (subsection ·B) and (b) a hearing at which the court's own ADA accommodation order was not honored (this subsection) deprived Petitioner of the minimum due process required by *Morrissey* and *Gagnon*.

### E.  *The State Court Adjudication Violated 28 U.S.C. § 2254(d).*

**Section 2254(d)(2).** The First Amended Petition for Violation of Probation, with its unsigned judicial-authorization line, was in the state habeas record. The ADA accommodation order of March 26, 2026 was likewise in the state habeas record. No state court engaged with the documentary record to reconcile its existence with a finding that the revocation proceeding

satisfied *Morrissey*. This is a § 2254(d)(2) unreasonable determination of the facts in light of evidence in the state-court record.

**Section 2254(d)(1).** No fair-minded jurist applying *Morrissey*, *Gagnon*, and *Wolff* to this record could conclude that the proceeding satisfied due process — where the operative pleading lacked judicial authorization on its face and where the court's own accommodation orders were not honored at the very hearing for which they were entered. (*Harrington v. Richter* (2011) 562 U.S. 86, 102–03.)

### F.  Relief Requested as to Ground Three.

Petitioner respectfully requests that this Court (1) issue the writ of habeas corpus; (2) vacate the March 26, 2026 findings of violation as procedurally infirm under *Morrissey* and the Fourteenth Amendment; and (3) bar any disposition imposed on those findings.

## GROUND FOUR:  Actual Innocence Gateway Under Schlup v. Delo

## (Fifth and Fourteenth Amendments)

To the extent any procedural bar to relief on Grounds One through Three is invoked or recognized, Petitioner asserts her actual innocence of the offense of conviction as a gateway under *Schlup v. Delo* (1995) 513 U.S. 298. The section 278.7 affirmative defense — never investigated by plea counsel and supported by physical and documentary evidence in the prosecution's own files — establishes that no reasonable juror, presented with the complete record, would have found Petitioner guilty beyond a reasonable doubt of a violation of section 278.5. Petitioner does not assert a freestanding actual-innocence claim; the Supreme Court has

not recognized such a claim in non-capital habeas. (*Herrera v. Collins* (1993) 506 U.S. 390.) The *Schlup* gateway, by contrast, is well established.

### A. Clearly Established Federal Law.

Under *Schlup*, a habeas petitioner who can show "it is more likely than not that no reasonable juror would have convicted him in the light of new evidence" may have her constitutional claims heard on the merits notwithstanding a procedural bar. (513 U.S. at 327; *McQuiggin v. Perkins* (2013) 569 U.S. 383, 386 [the *Schlup* gateway applies even to claims that would otherwise be time-barred under AEDPA].)

The *Schlup* inquiry asks not whether Petitioner is factually innocent as a matter of certainty but whether the new evidence is sufficient to undermine confidence in the result of the original proceeding. (*Schlup*, 513 U.S. at 327–28; *House v. Bell* (2006) 547 U.S. 518, 537–38.) New evidence includes evidence that was available but not presented because of counsel's ineffectiveness. (*Schlup*, 513 U.S. at 327.)

Petitioner's *Schlup* **claim is grounded in factual innocence, not in a technical legal defense alone.** The new evidence shows that Petitioner acted under law-enforcement direction and a documented good-faith belief that protective action was necessary to prevent immediate harm to the child. That evidence both supports the complete statutory defense under Penal Code § 278.7 *and* negates the malicious mental state required for liability under Penal Code § 278.5. Both prongs go to factual innocence of the conduct charged, not merely to the availability of an affirmative defense.

### B. The New Evidence.

The evidence supporting Petitioner's *Schlup* claim — "new" in the sense that it was never presented to a trier of fact, regardless of when it came into existence — comprises:

1. The Deputy Putz directive from the Butte County Sheriff's Office, establishing that a law-enforcement officer directed Petitioner to take protective steps with respect to the child.

2. The domestic violence temporary restraining order filed June 17, 2024 in Butte County Superior Court family law Case No. 24FL00960, predicating the section 278.7(b) defense available to a custodial parent who is a victim of domestic violence.

3. The Butte County Sheriff's Department investigation (Case No. 24-06672) and/or Butte County District Attorney's Office investigation of the underlying abuse allegations, establishing that law enforcement itself opened an investigation that corroborates the reasonableness of Petitioner's belief.

4. A thumb drive of video evidence of child abuse, delivered to a Butte County District Attorney's investigator before the plea and never disclosed in discovery — physical evidence supporting the factual predicate of section 278.7.

5. Communications from prior plea counsel Nicole Diamond acknowledging awareness of the section 278.7 defense and the existence of the supporting evidence.

### C. No Reasonable Juror Would Convict on the Complete Record.

Section 278.5 is not a strict-liability offense; conviction requires the prosecution to prove that the defendant acted "maliciously" in depriving the other lawful custodian of custody. Section 278.7 provides a complete statutory defense that, if established, bars conviction. On a complete record — including the Putz directive, the DV TRO, the law-enforcement investigations, the thumb drive video evidence, and Diamond's emails — no reasonable juror could have found beyond a reasonable doubt that Petitioner acted maliciously rather than with the good-faith and reasonable belief that section 278.7 protects.

*Vranich v. Romero — Petition for Writ of Habeas Corpus (28 U.S.C. § 2254)*

This is the precise circumstance *Schlup* was designed to address: a petitioner whose conviction rests on a record from which exculpatory evidence — sufficient to establish a complete statutory defense if presented — was excluded by reason of counsel's ineffectiveness. The *Schlup* gateway opens this Court's consideration of every ground in Grounds One through Three notwithstanding any procedural bar that may be invoked by Respondent.

### D. Relief Requested as to Ground Four.

Petitioner respectfully requests that this Court find that Petitioner has satisfied the actual-innocence gateway of *Schlup v. Delo* and *McQuiggin v. Perkins*, and consider the merits of all grounds in this Petition notwithstanding any procedural bar that may be invoked.

## VII. REQUEST FOR STAY OF EXECUTION OF STATE SENTENCE PENDING FEDERAL REVIEW

Petitioner respectfully requests that this Court stay any custodial sanction, sentence, or other deprivation of liberty imposed by the Butte County Superior Court on the basis of the March 26, 2026 probation-violation findings, pending this Court's resolution of this Petition. The state disposition hearing is currently scheduled for June 4, 2026, and is the proceeding at which the State will seek custodial consequences for the already-entered violation findings. Without a stay, Petitioner faces imminent physical custody on the basis of those findings — whether imposed as a sentence on revoked probation, as custody as a condition of reinstated probation, as an intermediate sanction, or by any other order resulting in confinement — under findings that this Court will be asked to determine were the product of constitutional violations. That injury cannot be undone after the fact. A separate Emergency Motion for Temporary Stay of Execution of Sentence Pending Review of 28 U.S.C. § 2254 Petition is filed concurrently with this Petition.

The discussion that follows preserves the stay request in the body of the Petition itself; the parallel Emergency Motion provides the procedural vehicle for prompt action.

### A. This Court's Authority to Issue the Stay.

Title 28 U.S.C. § 2251(a)(1) provides that "[a] justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding." Independent of § 2251, this Court possesses inherent equitable authority to issue a stay in aid of its jurisdiction. (28 U.S.C. § 1651 (All Writs Act); *Hilton v. Braunskill* (1987) 481 U.S. 770, 775–77.)

The relief sought is a stay of *execution of a state-court judgment* pending federal review — not an injunction against the June 4, 2026 state hearing itself. The state criminal proceeding may proceed to disposition; this request asks only that the resulting state-court judgment, if and when entered, not be carried into execution before this Court resolves the constitutional questions presented by this Petition.

### B. The Hilton/Nken Four-Factor Analysis.

In determining whether to issue a stay, this Court considers: (1) likelihood of success on the merits; (2) irreparable injury absent a stay; (3) substantial injury to other parties; and (4) the public interest. (*Hilton*, 481 U.S. at 776; *Nken v. Holder* (2009) 556 U.S. 418, 434.)

**Factor 1 — Likelihood of success.** Grounds One through Four of this Petition rest on (a) a complete statutory defense under California Penal Code section 278.7 that was never

investigated by counsel; (b) revocation findings on conditions that the State's own contemporaneous documents establish were impossible to perform; (c) the absence of judicial authorization on the operative violation petition; (d) the State's failure to honor the trial court's own ADA accommodation orders; and (e) actual innocence sufficient to open the *Schlup* gateway. The trial court itself has acknowledged on the record that the section 278.7 evidence would have changed Petitioner's situation. Petitioner has made a substantial showing of likelihood of success on multiple, independent grounds.

**Factor 2 — Irreparable injury.** Without a stay, Petitioner faces incarceration on the basis of the violation findings while this Petition is pending — whether imposed as a sentence on revoked probation, as custody as a condition of reinstated probation, as an intermediate sanction, or by any other order resulting in physical confinement. Each day of physical custody under a judgment later determined to be unconstitutional is a separate, irreparable harm. (*Elrod v. Burns* (1976) 427 U.S. 347, 373; ) The harm is concrete, immediate, and unrecoverable.

**Factor 3 — Harm to other parties.** A stay of execution causes no cognizable harm to the State of California. The State retains the authority to defend the underlying conviction and violation findings on the merits. The State's interest in the prompt execution of state-court judgments is not impaired by a stay that prevents irreversible incarceration of a petitioner who may, on this Court's review, prove entitled to relief.

**Factor 4 — Public interest.** The public interest is served by ensuring that incarceration is imposed only on findings that survive constitutional scrutiny. (*Hilton*, 481 U.S. at 777.) Where the trial court itself has acknowledged on the record that the central evidence supporting a

complete statutory defense would have changed Petitioner's situation, the public interest favors a stay until the constitutional questions are resolved.

## C.  *Younger Abstention.*

Petitioner acknowledges that *Younger v. Harris* (1971) 401 U.S. 37, generally precludes federal courts from enjoining ongoing state criminal proceedings, and that ongoing state criminal proceedings remain *Younger*'s core category of abstention. (*Sprint Communications, Inc. v. Jacobs* (2013) 571 U.S. 69, 78.) Petitioner does not ask this Court to halt the June 4, 2026 state disposition hearing or to enjoin the state criminal proceeding. The relief sought is the narrower remedy of a stay of any custodial sanction, sentence, or other deprivation of liberty imposed on the already-adjudicated probation-violation findings while this Court determines whether the underlying judgment and violation findings were obtained in violation of the Constitution. That remedy is expressly authorized by 28 U.S.C. § 2251(a)(1) for a habeas proceeding properly pending before this Court.

Petitioner has exhausted her state habeas remedies as set forth in Section III. The state proceedings to which *Younger* addresses itself — the prosecution leading to a judgment that may be reviewed on direct or collateral appeal in the state courts — are concluded as to the underlying judgment, and the violation findings have already been entered. The state proceeding that remains is the imposition of sentence on the violation findings. A stay of execution of that sentence preserves this Court's jurisdiction over the federal claims and prevents irreparable injury without enjoining any state proceeding.

Petitioner respectfully submits that the requested stay falls within § 2251's authorization rather than *Younger*'s prohibition. If this Court determines that *Younger* abstention precludes the

requested stay, Petitioner respectfully requests that this Court hold the Petition in abeyance pending final state disposition rather than dismiss the exhausted federal claims, and adjudicate the merits of those claims when the state proceedings conclude.

Even assuming *Younger* **applies, the recognized bad-faith and irreparable-injury exceptions are squarely met.** (*Younger,* 401 U.S. at 49, 53–54; *Middlesex County Ethics Comm. v. Garden State Bar Ass'n* (1982) 457 U.S. 423, 435.)

First, the trial judge's own May 7, 2026 on-record acknowledgment that the Penal Code § 278.7 evidence "would have changed [Petitioner's] situation" — the load-bearing fact of Ground One — establishes that the very court before which the June 4 disposition will proceed has already conceded, on the record, that the omitted defense was material. (See Ground One, subsection D; **[Exhibit E — May 7, 2026 percipient witness declaration or reporter's transcript of the May 7 hearing, to be supplemented.]**) A disposition imposed under those circumstances, by a court that has acknowledged the constitutional infirmity of the underlying plea, falls within *Younger*'s irreparable-injury exception.

Second, the timing of the amended Petition for Violation of Probation reflects the kind of bad-faith circumstance *Younger* recognizes as an exception. The amended violation petition added the very allegations (B-2 and B-3) ultimately sustained on March 26, 2026. The face of the amended petition reflects no judicial signature on the line provided for the Judge of the Superior Court. (See Ground Three.) Together with the May 7 judicial acknowledgment, these circumstances bring the case within *Younger*'s narrow exceptions and warrant the narrow stay relief Petitioner requests.

### D. In the Alternative, Stay-and-Abeyance Under Rhines v. Weber.

To the extent this Court determines that any ground in this Petition is unexhausted — for example, on the theory that direct state appellate review of the March 26, 2026 violation findings is available and has not yet been pursued — Petitioner respectfully requests stay-and-abeyance under *Rhines v. Weber* (2005) 544 U.S. 269, rather than dismissal of the mixed petition under *Rose v. Lundy* (1982) 455 U.S. 509. *Rhines* permits a federal district court to stay a mixed habeas petition and hold it in abeyance while the petitioner returns to state court to exhaust unexhausted claims, where (1) good cause exists for the petitioner's failure to exhaust; (2) the unexhausted claims are not plainly meritless; and (3) the petitioner has not engaged in intentionally dilatory litigation tactics. (544 U.S. at 277–78.)

Each *Rhines* **factor is satisfied.** First, good cause exists for any failure to exhaust. The March 26, 2026 violation findings — the subject of Grounds Two and Three — became final for purposes of state direct review only on June 4, 2026, the date of disposition. Petitioner has pursued state habeas relief at all three levels of the California courts as to the underlying conviction (Ground One) and has done so in parallel as to the violation findings, with the California Supreme Court denying the petition on May 29, 2026. Petitioner filed this federal petition within seventy-two hours of that denial to preserve her federal claims within the AEDPA limitations period and to avoid the precise procedural trap *Rhines* addresses: forfeiture of federal review where parallel state and federal timing pressures collide. (See *Pace v. DiGuglielmo* (2005) 544 U.S. 408, 416 ["reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause'" under Rhines].)

**Second, the unexhausted claims are not plainly meritless.** Ground Two rests on the State's own page-5 narrative in the First Amended Petition for Violation of Probation, in which Senior Probation Officer Jessica Nelson herself documents Petitioner's January 9, 2026 request

*Vranich v. Romero — Petition for Writ of Habeas Corpus (28 U.S.C. § 2254)*

to report at the Chico location due to lack of transportation and her refusal of that accommodation. Ground Three rests on the unsigned judicial-signature line on the face of the amended violation petition. Neither ground is "plainly meritless"; both are supported by documentary evidence within the State's own files.

**Third, Petitioner has not engaged in dilatory tactics.** Petitioner has actively litigated her claims at every available level of the California courts and has filed this federal petition within seventy-two hours of state exhaustion. There is no record of delay attributable to Petitioner; to the contrary, Petitioner has been litigating *pro se* and from custody for substantial portions of the relevant period.

Petitioner therefore pleads in the alternative: this Court should (a) adjudicate all four grounds on the merits, this Petition being fully exhausted through the state habeas process; or (b) if any ground is deemed unexhausted, stay the Petition under *Rhines v. Weber* and hold it in abeyance while Petitioner exhausts the unexhausted claim through California direct appellate review of the June 4, 2026 disposition. *Rose v. Lundy*'s mandate of dismissal does not apply when *Rhines* relief is available. (*Rhines*, 544 U.S. at 275–76.)

**E. The Stay Should Issue Promptly.** The June 4, 2026 disposition hearing is imminent. The concurrently filed Emergency Motion for Temporary Stay sets forth the basis for expedited consideration.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Petitioner Jessica Lee Vranich respectfully prays that this Court:

1. Issue the writ of habeas corpus pursuant to 28 U.S.C. § 2254 and order Respondents to show cause why the relief requested should not be granted;

2. Vacate the conviction and judgment in Butte County Superior Court Case No. 25CF00551 as obtained in violation of the Sixth and Fourteenth Amendments;

3. Vacate the March 26, 2026 findings of violation as procedurally and substantively infirm under the Fourteenth Amendment;

4. Order Petitioner's discharge from all custody — actual and constructive — imposed under the vacated judgment;

5. In the alternative, order such new proceedings consistent with the United States Constitution as this Court directs;

6. Pursuant to the concurrently filed Emergency Motion, stay any custodial sanction, sentence, or other deprivation of liberty imposed by the Butte County Superior Court on the basis of the March 26, 2026 violation findings, pending final disposition of this Petition;

7. Order an evidentiary hearing under 28 U.S.C. § 2254(e) on any disputed factual question material to the disposition of this Petition;

8. Appoint counsel for Petitioner pursuant to 18 U.S.C. § 3006A and Rule 8(c) of the Rules Governing Section 2254 Cases;

9. Issue a certificate of appealability on all grounds presented; and

10. Grant such other and further relief as this Court deems just and proper.

## VERIFICATION

I, Jessica Lee Vranich, declare under penalty of perjury under the laws of the United States of America that the foregoing Petition for Writ of Habeas Corpus is true and correct of my own personal knowledge except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

**Dated:**

_____

## JESSICA LEE VRANICH

Petitioner, *Pro Se*

795 Caprice Way

Chico, CA 95973

Tel: 903.991.0774

Email: jessicalv2025@gmail.com

## LIST OF ATTACHMENTS / EXHIBITS

**A.    Exhibits filed with this Petition.** The following exhibits are attached to and incorporated into this Petition by reference.

**Exhibit A:** Letter from Clerk, Supreme Court of California (M. Hallisy, Deputy Clerk), dated May 29, 2026, denying Petition for Writ of Habeas Corpus in Case No. S296741. [Documents the completion of state exhaustion of remedies as of May 29, 2026.]

**Exhibit B:** First Amended Petition for Violation of Probation, dated January 22, 2026, signed by Senior Probation Officer Jessica Nelson under penalty of perjury, with the "Judge of the Superior Court" signature line unsigned. [Documents the State's own factual narrative supporting Ground Two impossibility (Officer Nelson's page-5 narrative recording Petitioner's January 9, 2026 Chico-location request and Nelson's refusal of accommodation) and the procedural defect supporting Ground Three (the unsigned judicial-signature line on the face of the document).]

**B. Exhibits held in reserve, to be lodged at the Court's direction.** The remaining documentary and testimonial evidence referenced in this Petition is in Petitioner's possession or readily obtainable, and will be lodged with the Court on the schedule the Court directs in its initial order under Habeas Rule 4 or in response to any order to supplement the record. Each item below is identified by a reserved letter designation and is described above in the relevant Ground or supporting section. Petitioner identifies the principal additional materials below as inventory for the Court's reference:

**Exhibit C:** The Petition for Writ of Habeas Corpus filed February 4, 2026 in Butte County Superior Court (Case No. 25CF00551), and the form order of February 27, 2026 denying that petition.

**Exhibit D:** The Petition for Writ of Habeas Corpus filed in the California Court of Appeal, Third Appellate District (Case No. C106131), and the order of May 15, 2026 denying that petition.

**Exhibit E:** The Petition for Writ of Habeas Corpus filed in the Supreme Court of California (Case No. S296741), received and filed May 20, 2026.

**Exhibit F:** Reporter's transcript of the May 7, 2026 hearing in Butte County Superior Court Case No. 25CF00551 (ordered through CSR Marjorie Hatfield, No. 4199; pending receipt) or, in the alternative pending the transcript, a percipient-witness declaration. Petitioner's own sworn statement on the May 7 judicial acknowledgment is provided in the declaration accompanying the concurrent Emergency Motion.

**Exhibit G:** Communications by prior plea counsel Nicole Diamond acknowledging awareness of the Penal Code section 278.7 defense.

**Exhibit H:** Records of the underlying child-abuse investigation by the Butte County Sheriff's Department (Case No. 24-06672), including any documentation of the thumb drive of video evidence allegedly handed to a District Attorney investigator.

**Exhibit I:** Domestic violence temporary restraining order filed June 17, 2024 in Butte County Superior Court family law Case No. 24FL00960.

**Exhibit J:** Deputy Putz directive from the Butte County Sheriff's Office instructing Petitioner to take protective steps with respect to the child before Petitioner traveled.

**Exhibit K:** Communications between Petitioner and the program director documenting refusal of enrollment in the Child Abuser's program.

**Exhibit L:** Order on Requests for Accommodation entered March 26, 2026 in Butte County Superior Court Case No. 25CF00551.

**Exhibit M:** Transcripts (or sworn-declaration-backed summaries) of audio recordings of contacts with Butte County Superior Court Clerk's Office personnel, referenced as evidence of the procedural facts surrounding Petitioner's pursuit of state remedies.

The lettered designations above are reserved for these materials. Petitioner respectfully requests that the Court direct, in its initial order or at any subsequent stage of the proceeding, the manner and schedule by which these reserved exhibits should be lodged.

*Vranich v. Romero — Petition for Writ of Habeas Corpus (28 U.S.C. § 2254)*

# EXHIBIT A

## Letter from Clerk, Supreme Court of California

Denial of Petition for Writ of Habeas Corpus

Case No. S296741 — May 29, 2026

*(Place actual one-page denial letter behind this cover.)*

*Vranich v. Romero — Petition for Writ of Habeas Corpus (28 U.S.C. § 2254)*

# EXHIBIT B

## First Amended Petition for Violation of Probation

Butte County Superior Court Case No. 25CF00551

Dated January 22, 2026

Signed by Senior Probation Officer Jessica Nelson

*Judicial-Signature Line Unsigned*

*(Place actual amended VOP pages behind this cover.)*

**PROOF OF SERVICE BY MAIL**

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, _____ [print name of declarant], declare:

I am over the age of 18 years and not a party to the within action. My business or residence address is:

_____.

On _____ [date of service], I served the foregoing PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254 and all attached exhibits, by placing a true and correct copy in a sealed envelope with first-class postage

Page 47

*Vranich v. Romero — Petition for Writ of Habeas Corpus (28 U.S.C. § 2254)*

thereon fully prepaid, and depositing the sealed envelope with the United States Postal Service that same day in the ordinary course of business, addressed as follows:

**Office of the Attorney General of the State of California**

1300 "I" Street

P.O. Box 944255

Sacramento, CA 94244-2550

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**Dated:** _____

_____

*-[print name]*

Page 48