FILED

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

JUN 0 2 2026

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

| | |
|---|---|
| **In re JESSICA LEE VRANICH,** | **Case No.: TBD** |
|     Petitioner, | State Court Case No.: 25CF00551 |
| v. | **EMERGENCY MOTION FOR** |
| MELISSA ROMERO, Chief Probation | **TEMPORARY STAY OF** |
| Officer, | **EXECUTION OF SENTENCE** |
| Butte County Probation Department, | **PENDING REVIEW OF** |
| et al., | **28 U.S.C. § 2254 PETITION** |
|     Respondents. | *(28 U.S.C. § 2251(a)(1))* |
| | **State Hearing Date:  June 4, 2026** |

2:26-cv-2015 SCR HC

**EMERGENCY MOTION FOR TEMPORARY STAY OF EXECUTION**
**OF SENTENCE PENDING REVIEW OF 28 U.S.C. § 2254 PETITION**

Petitioner Jessica Lee Vranich respectfully moves this Court, pursuant to 28 U.S.C. § 2251(a)(1) and 28 U.S.C. § 1651, for a temporary stay of any custodial sanction, sentence, or other deprivation of liberty that may be imposed by the Butte County Superior Court on June 4, 2026, in People v. Vranich, Case No. 25CF00551, on the basis of the March 26, 2026 probation-violation findings, pending this Court's review of Petitioner's concurrently filed Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254.

This Motion seeks the narrowest possible relief: a stay of any *custodial outcome* — whether styled as execution of sentence, custody as a condition of reinstated probation, or any other custodial sanction — imposed by the state court on June 4, 2026, not an injunction halting the June 4 hearing or any other state-court proceeding.

## I. BACKGROUND

On March 27, 2025, Petitioner entered a nolo contendere plea to a violation of California Penal Code section 278.5(a). On April 24, 2025, the Butte County Superior Court suspended imposition of sentence and placed Petitioner on three years of formal probation. On March 26, 2026, following an evidentiary hearing on a First Amended Petition for Violation of Probation, the same court found Petitioner in violation of probation as to allegations B-2 and B-3 (and no violation as to B-1). Disposition on the violation findings is currently set for June 4, 2026, at 9:30 a.m., before the Honorable Kristen A. Lucena.

Petitioner has fully exhausted her state habeas remedies. The Superior Court denied state habeas on February 27, 2026; the Court of Appeal, Third Appellate District, denied state habeas on May 15, 2026 (Case No. C106131); and the California Supreme Court denied state habeas on May 29, 2026 (Case No. S296741). Concurrently with this Motion, Petitioner files a federal Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 raising four grounds for relief, each fully exhausted in the state courts.

Without a stay, Petitioner faces incarceration on June 4, 2026 on the basis of revocation findings that the federal Petition demonstrates are constitutionally infirm — whether that incarceration is imposed as a sentence on revoked probation, as custody as a condition of reinstated probation, as an intermediate sanction, or by any other order resulting in physical confinement. Each day of physical custody under findings later vacated is an irreparable injury that no later order can undo. This Motion seeks only that the federal Court's jurisdiction be preserved.

## II. STATUTORY AUTHORITY

Title 28 U.S.C. § 2251(a)(1) authorizes "[a] justice or judge of the United States before whom a habeas corpus proceeding is pending" to "stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding." The statute is the direct grant of authority for the relief sought.

The standard governing this Court's exercise of that authority is the four-factor test of *Hilton v. Braunskill* (1987) 481 U.S. 770, 776 and *Nken v. Holder* (2009) 556 U.S. 418, 434: (1) whether the applicant has made a strong showing of likelihood of success on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties; and (4) where the public interest lies.

## III. THE HILTON/NKEN FACTORS FAVOR A STAY

**A. Likelihood of success.** The concurrently filed Petition demonstrates likelihood of success on four independent grounds. Ground One: plea counsel failed to investigate or present the complete statutory defense available under California Penal Code section 278.7, in violation of *Strickland v. Washington* (1984) 466 U.S. 668, *Hill v. Lockhart* (1985) 474 U.S. 52, *Lee v. United States* (2017) 582 U.S. 357, and *United States v. Cronic* (1984) 466 U.S. 648. Ground Two: the March 26, 2026 revocation findings rest on conditions the State's own documents establish were impossible to perform, in violation of *Bearden v. Georgia* (1983) 461 U.S. 660 and *Morrissey v. Brewer* (1972) 408 U.S. 471. Ground Three: the operative First Amended Petition for Violation of Probation lacks judicial authorization on its face, and the trial court's own ADA accommodation orders were not honored at the March 26, 2026 hearing, in violation of *Morrissey*. Ground Four: actual innocence under *Schlup v. Delo* (1995) 513 U.S. 298. The

*Vranich v. Romero — Emergency Motion for Temporary Stay (28 U.S.C. § 2251)*

trial court itself has acknowledged on the record that the section 278.7 evidence would have changed Petitioner's situation.

**B. Irreparable injury.** Petitioner faces imminent physical custody on June 4, 2026 — whether imposed as a sentence on revoked probation, as custody as a condition of reinstated probation, as an intermediate sanction, or by any other order resulting in confinement — on the basis of probation-violation findings that are the subject of fully exhausted federal habeas claims. Custody under a judgment later determined to be unconstitutional is the paradigmatic irreparable harm. (*Elrod v. Burns* (1976) 427 U.S. 347, 373.) The harm is concrete, immediate, and unrecoverable: each day of unconstitutional custody cannot be returned.

**C. Harm to other parties.** A temporary stay of execution causes no cognizable harm to the State of California. The State retains the authority to defend the underlying conviction and violation findings on the merits in the concurrent habeas proceeding. The State's interest in the prompt execution of judgments does not override the constitutional interest in preventing irreversible custody on findings under federal review.

**D. Public interest.** The public interest is served by ensuring that incarceration is imposed only on findings that survive constitutional scrutiny. (*Hilton*, 481 U.S. at 777.) The trial court itself has acknowledged on the record that the central exculpatory evidence in Petitioner's case would have changed her situation. The public interest plainly favors a stay until that question is resolved.

## IV. YOUNGER ABSTENTION DOES NOT BAR THIS NARROW REMEDY

Petitioner acknowledges that *Younger v. Harris* (1971) 401 U.S. 37, generally precludes federal courts from enjoining ongoing state criminal proceedings, and that *Sprint Communications, Inc. v. Jacobs* (2013) 571 U.S. 69, 78, reaffirmed that pending state criminal proceedings are *Younger*'s core category.

This Motion seeks neither to enjoin the June 4, 2026 state hearing nor to interfere with any aspect of the underlying state criminal proceeding. The relief sought is a stay of *execution* of any custodial sanction, sentence, or other deprivation of liberty imposed on the already-adjudicated probation-violation findings — a narrow remedy expressly authorized by 28 U.S.C. § 2251(a)(1) for an exhausted habeas proceeding now properly pending before this Court. The state court is free to proceed to disposition on June 4; this Motion asks only that any resulting custodial outcome not be carried out before this Court resolves the federal claims.

Petitioner has fully exhausted her state habeas remedies at all three levels of the California courts. No further state remedy exists.

## V. PROCEDURE REQUESTED

Petitioner respectfully requests that this Court (1) enter a temporary stay of any custodial sanction, sentence, or other deprivation of liberty imposed by the Butte County Superior Court on or after June 4, 2026 in Case No. 25CF00551 on the basis of the March 26, 2026 violation findings, pending the Court's ruling on this Motion; (2) set this Motion for expedited briefing and disposition; (3) direct the Office of the Attorney General of the State of California to respond to this Motion on an expedited schedule; and (4) preserve all rights pending the disposition of the concurrent Petition.

*Vranich v. Romero — Emergency Motion for Temporary Stay (28 U.S.C. § 2251)*

## VI. CONCLUSION

Petitioner has fully exhausted her state remedies, has made a substantial showing of likelihood of success on four independent grounds, and faces irreparable injury without a stay. This Motion seeks the narrowest possible relief — a stay of execution of judgment, not an injunction against state proceedings — within the express authority of 28 U.S.C. § 2251(a)(1). Petitioner respectfully requests that the temporary stay be entered before the June 4, 2026 disposition hearing. A Proposed Order granting the relief requested is filed and attached herewith for the Court's convenience.

**Dated:**

_____

**JESSICA LEE VRANICH**

Petitioner, *Pro Se*

795 Caprice Way

Chico, CA 95973

Tel: 903.991.0774

Email: jessicalv2025@gmail.com

**DECLARATION OF JESSICA LEE VRANICH IN SUPPORT OF EMERGENCY MOTION**

I, Jessica Lee Vranich, declare:

*Vranich v. Romero — Emergency Motion for Temporary Stay (28 U.S.C. § 2251)*

1. I am the Petitioner in this action. I make this declaration based on my personal knowledge except where expressly stated on information and belief. If called as a witness, I could and would testify truthfully to the facts stated herein.

2. I am currently subject to formal probation imposed by the Butte County Superior Court in People v. Vranich, Case No. 25CF00551.

3. Disposition on probation-violation findings entered against me on March 26, 2026 is scheduled for June 4, 2026, at 9:30 a.m. before the Honorable Kristen A. Lucena in Butte County Superior Court, Oroville.

4. I was present in open court at the hearing held on May 7, 2026 before Judge Lucena in Case No. 25CF00551. At that hearing I heard the Court state, in substance and to the best of my present recollection, that the evidence supporting the affirmative defense under Penal Code section 278.7 — including the documented domestic violence circumstances and my contacts with law enforcement before I traveled with my child — would have changed my situation. I have requested an expedited reporter's transcript of the May 7, 2026 hearing from the certified shorthand reporter, and I will supplement this declaration with the transcript when received.

5. I have filed concurrent with this Motion a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging both the underlying judgment and the violation findings.

6. I have fully exhausted my state habeas remedies. The California Supreme Court denied my state habeas petition on May 29, 2026 in Case No. S296741.

7. Without a stay, I face the imminent loss of my liberty on June 4, 2026 — whether through a sentence on revoked probation, custody as a condition of reinstated probation, an

*Vranich v. Romero — Emergency Motion for Temporary Stay (28 U.S.C. § 2251)*

intermediate sanction, or some other order resulting in me being taken into physical custody —

on the basis of the March 26, 2026 probation-violation findings that are the subject of my

concurrent federal habeas petition.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

**Dated:** May 31, 2026

_____

**JESSICA LEE VRANICH**

**PROOF OF SERVICE BY MAIL**

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, _____ [print name], declare:

I am over 18 and not a party to this action. My residence/business address is:

_____.

On _____ [date], I served the foregoing

EMERGENCY MOTION FOR TEMPORARY STAY OF EXECUTION OF SENTENCE

PENDING REVIEW OF 28 U.S.C. § 2254 PETITION, supporting Declaration, and Proposed

Order, by placing a true copy in a sealed envelope with first-class postage thereon fully prepaid,

*Vranich v. Romero — Emergency Motion for Temporary Stay (28 U.S.C. § 2251)*

and depositing it with the United States Postal Service that same day in the ordinary course of business, addressed as follows:

**Office of the Attorney General of the State of California**

1300 "I" Street

P.O. Box 944255

Sacramento, CA 94244-2550

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**Dated:** _____

_____

*[print name]*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| **In re JESSICA LEE VRANICH,** | **Case No.: TBD** |
| Petitioner, | State Court Case No.: 25CF00551 |
| v. | **[PROPOSED] ORDER** |
| MELISSA ROMERO, Chief Probation Officer, | **GRANTING TEMPORARY STAY** |
| | **OF EXECUTION OF SENTENCE** |
| Butte County Probation Department, | **PENDING REVIEW OF** |
| et al., | **28 U.S.C. § 2254 PETITION** |
| Respondents. | *(28 U.S.C. § 2251(a)(1))* |

**[PROPOSED] ORDER GRANTING TEMPORARY STAY**
**OF EXECUTION OF SENTENCE PENDING REVIEW**

Petitioner Jessica Lee Vranich has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, together with an Emergency Motion for Temporary Stay of Execution of Sentence Pending Review pursuant to 28 U.S.C. § 2251(a)(1). The Court has considered the Petition, the Motion, the supporting Declaration, and all attached exhibits.

Having considered the four factors set forth in *Hilton v. Braunskill* (1987) 481 U.S. 770, 776, and *Nken v. Holder* (2009) 556 U.S. 418, 434, and good cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1.  Petitioner's Emergency Motion for Temporary Stay of Execution of Sentence Pending Review of 28 U.S.C. § 2254 Petition is GRANTED.

2.  Respondent Melissa Romero, Chief Probation Officer of Butte County (or her successor in office), and all persons acting under her authority, are temporarily **STAYED** from taking Petitioner into physical custody pursuant to any custodial sanction, sentence, or

other deprivation of liberty imposed by the Butte County Superior Court on Petitioner in People v. Vranich, Case No. 25CF00551, on or after June 4, 2026, on the basis of the March 26, 2026 probation-violation findings.

3. This Order does not enjoin the June 4, 2026 disposition hearing or any other proceeding in Butte County Superior Court Case No. 25CF00551. The state court may proceed to disposition and enter any disposition it deems appropriate; this Order operates only on Respondent and those acting under Respondent's authority to prevent physical execution of custody pending this Court's review.

4. This temporary stay shall remain in effect for thirty (30) days from the date of entry of this Order, or until further order of the Court, whichever occurs first. The Court will set this matter for further proceedings consistent with the schedule established in connection with the concurrent Petition.

5. The Office of the Attorney General of the State of California shall respond to the Emergency Motion and to the Petition on an expedited schedule to be established by separate order.

6. The Clerk of the Court shall serve a copy of this Order on Petitioner; on Respondent Melissa Romero, Chief Probation Officer of Butte County; on Respondent Rob Bonta, Attorney General of the State of California; and on the Butte County Superior Court.

**IT IS SO ORDERED.**

**Dated:** _____


_____

**UNITED STATES DISTRICT JUDGE**