UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSICA LEE VRANICH,

Petitioner,

v.

MELISSA ROMERO,

Respondent.

No. 2:26-CV-02015-SCR

ORDER AND

FINDINGS AND RECOMMENDATIONS

Petitioner, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was docketed on June 2, 2026. Petitioner paid the filing fee. Concurrent with the petition, petitioner filed an "Emergency Motion for Temporary Stay of Execution of Sentence Pending Review of § 2254 Petition." ECF No. 2. For the reasons explained below, the undersigned recommends that the emergency motion be denied, but orders service of the petition.

**I.      Facts and Procedural History**

According to the habeas petition, petitioner entered a No Contest plea to the felony offense of Deprivation of Custody of a Child in violation of California Penal Code § 278.5(a). ECF No. 1. On April 24, 2025, her sentence was suspended and she was placed on probation. ECF No. 1 at 1. She raises four separate claims challenging this felony conviction as well as the subsequent March 26, 2026 finding that she violated two conditions of her probation. First,

1

petitioner alleges that her plea counsel was ineffective for failing to investigate an affirmative defense to the underlying felony conviction. ECF No. 1 at 4. Next, she challenges the conditions of probation that she was found to have violated because they were not willful and were impossible based on the State's own conduct. ECF No. 1 at 4. Third, petitioner alleges that her right to procedural due process was violated at the probation violation hearing because the violation paperwork did not have a judge's signature and because ADA accommodations were not provided to allow her to meaningfully participate at the revocation hearing. ECF No. 1 at 5. Finally, petitioner asserts that she is actually innocent because she did not have the required mens rea. ECF No. 1 at 5.

In the separately filed emergency motion for a temporary stay of execution of any state court probation violation sentence, petitioner indicates that the Butte County Superior Court found her in violation of two probation conditions on March 26, 2026. ECF No. 2 at 7. She is scheduled to be sentenced for the probation violation on June 4, 2026. ECF No. 2 at 7. She requests a temporary stay pursuant to 28 U.S.C. § 2251(a)(1) until such time as the merits of her pending § 2254 application can be adjudicated by this Court. ECF No. 2.

## II.       Section 2251(a)(1)

"A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding." 28 U.S.C. § 2251(a)(1). "Section 2251 does not mandate the entry of a stay, but dedicates the exercise of stay jurisdiction to the sound discretion of a federal court." McFarland v. Scott, 512 U.S. 849, 858 (1994). Several courts have recognized that although § 2251 has primarily been applied in the context of stays of executions of capital defendants, the statute "allows for a stay of any proceeding, judicial or otherwise, relating to the subject matter of the habeas corpus petition." Byrd v. Moore, 252 F. Supp. 2d 293, 306 no. 3 (W.D.N.C. Mar. 6, 2003) (emphasis added); see also Coleman v. California, 2010 WL 695380, at 1 (N.D. Cal. Feb. 23, 2010).

Within the Ninth Circuit, a petitioner seeking a stay under § 2251(a)(1) must demonstrate

2

substantial grounds on which relief might be granted. Vargas v. Lambert, 159 F.3d 1161, 1166 (9th Cir. 1998) (citing Barefoot v. Estelle, 463 U.S. 880, 895, 103 S. Ct. 3383, 77 L.Ed.2d 1090 (1983)). To establish substantial grounds, a petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." Id. (alteration in original) (quoting Barefoot, 463 U.S. at 893 n. 4).

**III.    Analysis**

At this early stage in the case, the Court does not have sufficient information to find that there are "substantial grounds" on which habeas corpus relief might be granted. See Vargas, 159 F.3d at 1166. While petitioner asserts that her underlying conviction and subsequent probation proceedings involved a violation of her rights, nearly every petitioner proceeding under § 2254 asserts their criminal proceedings and incarceration involved a rights violation. A court cannot make a "substantial grounds" determination on the face of a petition, without a meaningful record supporting the petition's assertions. Here, petitioner has submitted only four pages of exhibits, which are simply court documents and do not assist the Court in determining the potential merits of petitioner's habeas claims.

The undersigned also reads the applicable doctrine concerning § 2251 to suggest a higher standard when the stay is based on the merits of the petition itself and not based on some other proceeding necessary to the adjudication of the petition. The Ninth Circuit explained in Vargas that the "substantial grounds" standard is met when petitioner "has produced meaningful new evidence." 159 F.3d at 1167. Moreover, the Court of Appeal found that the quantum of evidence required to meet this burden "is logically connected to the degree of authority" the Court is asked to exercise. Id. at 1168. Because the Court in Vargas was not reviewing a habeas petition but was instead "resolving whether or not we have jurisdiction to grant a stay of execution until a evidentiary hearing can be held" on a competency issue, the quantum of evidence was lower. Id. Here, by contrast, petitioner is asking the Court to review the merits of the habeas petition itself.

Petitioner has not submitted meaningful evidence concerning her claims. The Court accordingly cannot say that the "issues are debatable among jurists of reason" or "deserve

encouragement to proceed further," in particular based on the higher quantum of evidence that may be necessary to obtain a stay based purely on the merits of a 2254 petition. Accordingly, the motion for a stay of execution of any state court probationary sentence should be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall randomly assign this matter to a district judge.

2. The Clerk of the Court is further directed to serve a copy of this order, the form Consent to Proceed Before a United States Magistrate Judge, and a copy of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Tami Krenzin, Supervising Deputy Attorney General.

3. Respondent is directed to file a response to petitioner's habeas petition within sixty days from the date of this order. See Rule 4, 28 U.S.C. foll. § 2254. An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition. See Rule 5, 28 U.S.C. foll. § 2254.

4. If the response to the habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after service of the answer.

5. If the response to the habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion, and respondent's reply, if any, shall be filed and served within fourteen days thereafter.

IT IS FURTHER RECOMMENDED that petitioner's emergency motion for a temporary stay of execution of her pending state court probation violation proceeding (ECF No. 2) be denied for the reasons indicated herein.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to

4

appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 4, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE