ROB BONTA, State Bar No. 202668
Attorney General of California
TAMI M. KRENZIN, State Bar No. 183925
Supervising Deputy Attorney General
  1300 I Street, Suite 125
  Sacramento, CA 95814
  Telephone: (916) 210-7749
  Fax: (916) 324-2960
  E-mail: Tami.Krenzin@doj.ca.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JESSICA LEE VRANICH,** | 2:26-cv-02015-SCR |
| Petitioner, | **MOTION TO DISMISS** |
| v. | |
| **MELISSA ROMERO,** | |
| Respondent. | |

Respondent Melissa Romero, Butte County Chief Probation Officer, moves to dismiss the petition because grounds three and four are unexhausted.

## BACKGROUND

Petitioner was convicted in Butte County Superior Court of deprivation of custody of a child. On April 24, 2025, Petition was sentenced to three years formal probation. (ECF 1 at 1.) She did not file an appeal. (ECF 1 at 1.)

1

Petition filed one post-conviction collateral action in the state supreme court, a petition for writ of habeas corpus. The petition was filed on May 20, 2026, and was denied on May 27, 2026. (Lod. Docs. 1-2.)[1]

Petitioner filed her federal petition on June 2, 2026. (Dkt. 1.)

**ARGUMENT**

**THE FEDERAL PETITION IS NOT FULLY EXHAUSTED**

State prisoners seeking a writ of habeas corpus from a federal court must first exhaust their remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Ybarra v. McDaniel*, 656 F.3d 984, 991 (9th Cir. 2011). The state courts must have been presented with the specific federal constitutional guarantee at issue and a statement of the operative facts that support the federal legal theory. *Gentry v. Sinclair*, 705 F.3d 884, 897, 901 (9th Cir. 2013). Federal habeas corpus relief cannot be granted unless a petitioner has exhausted his state court remedies. *Ybarra*, 656 F.3d at 991; *see Rhines v. Weber*, 544 U.S. 269, 274 (2005) (observing that AEDPA preserved the total exhaustion requirement set forth in *Rose v. Lundy*, 455 U.S. 509, 510 (1982)).

The exhaustion requirement must be met at the time of filing, not at a subsequent time in the proceedings. This Court does not look to post-filing events but instead must act as if a dismissal that "immediately" should have occurred, did occur. *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001). Thus, claims that were "previously unexhausted"—i.e., unexhausted at the time of filing—remain so for purposes of decision,

> because "[t]he appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for a hearing in the district court or court of appeals." *Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999) (quoting *Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993)).

---

[1] Petitioner filed three additional state post-conviction collateral actions, one in the state appellate court and two in the state superior court. Because review of those petitions is not necessary to determine exhaustion, Respondent is not lodging a copy of those petitions. Respondent will gladly provide a copy of those petitions should this Court deem it necessary.

2

*Romero v. Harrington*, 441 F. Appx. 425, 426 (9th Cir. 2011). It does not matter if Petitioner subsequently exhausts her claim, it only matters that the claim was unexhausted at the time Petitioner filed the federal petition.

Petitioner filed one petition in the California Supreme Court, a petition for writ of habeas corpus. (Lod. Doc. 1.) The state supreme court petition did not raise grounds three and four of the federal petition—Petitioner's claims that she was denied due process during her probation revocation proceeding and that she is actually innocent. (ECF 1 at 5.)

Because grounds three and four have not been presented to the California Supreme Court, the claims are unexhausted. Unless Petitioner shows a stay is appropriate, the petition must be dismissed. *Mena v. Long*, 813 F.3d 907 (9th Cir. 2016); *Wooten v. Kirkland*, 540 F.3d 1019, 1026 (9th Cir. 2008) (citing *Rhines v. Weber*, 544 U.S. at 278); *Jefferson v. Budge*, 419 F.3d 1013, 1016 (9th Cir. 2005).

## CONCLUSION

The petition for writ of habeas corpus should be summarily dismissed because grounds three and four are unexhausted.

Dated:  August 2, 2026                                  Respectfully submitted,

ROB BONTA
Attorney General of California


/S/ TAMI M. KRENZIN
TAMI M. KRENZIN
Supervising Deputy Attorney General
*Attorneys for Respondent*

SA2026302957

3

Motion to Dismiss (2:26-cv-02015-SCR)